The opinion of the Court was delivered by
Johnson, J.,
(who decided the cause). Costs were not allowed at common law.[1] The right of the plaintiff td have his costs taxed in this case, depends therefore on the construction, or rather application of the Acts of the Legislature, regulating them. The Act of 11199, 1 Brev. Dig. 194, tit. costs, ss. 19,[2] provides, that thereafter, “ in all actions of trespass'to try titles to land ; in all actions of trespass on the case ; in all actions of trover, and in all actions of detinue, or any of them, brought to establish or try the right or title in any kind of property, if the plaintiff establishes his right of property therein, he shall in every such case recover and have his full costs of suit, whenever the verdict shall be above four dollars.” If this case falls within the class of cases pointed out by this Act, the plaintiff would be entitled to have his full costs ; if not, it comes within the general provision of the Act of 1144, P. L. 214, and he must recover £20 currency, ($12.24,) to entitle him to costs.[3]
To entitle plaintiff to fall costs, where the damages recovered exceed four dollars only, the Act of 1199 makes it an indispensable ingredient, that it should have been brought “ to establish or try the right or title” to property, and the only mode of ascertaining for what purpose an action was brought, is by the inspection of the record. Let us then examine this record, and inquire whether it was brought to try the right of property. It is an action on the case, and the plaintiff declares for waste committed by the tenant; so far the plaintiff assumes a right of property ^mse^> an<^ d°es not propose to put that question in issue, *nor b is the right of property necessarily involved, nor does the plea of not guilty put it in issue; it, in effect, denies the waste only. The defen *591 dant may, however, put it in issue, if he thinks proper, by contesting the plaintiff’s right of property, by the pleas of liberum tenementum, or nil hábuit in tenementis ; but until he does so, the right of property is not the subject of dispute.
Earle, for the motion. M’Duffie, contra.
It is urged, however, that by the addition of the count in trover, the right of property was put in issue, and that the plaintiff is therefore entitled to costs. I am not disposed to enter into an inquiry, whether this count can be regularly joined in an action for waste,[1] perhaps it may; but I will remark, that the action of trover does not necessarily involve the right or title to property, and where it is brought for a temporary conversion ; but in any view of it, I think it cannot avail the plaintiff. It is admitted,that the count for trover was intended to cover the waste complained of, so that, in point of fact, the title to property did not come in issue, nor was it necessarily in point of law.
The motion is refused.
Colcock, Hott and Richardson, JJ., concurred.
Gantt, J., dissented.
Huger, J., absent.

 See 6 Rich. 291; 1 Strob. 179 ; 1 Hill, 398; 1 Brev. 43.

 7 Stat. 297, § 22.

 Not in Stat. at Large ; Ante, 339.

 3 Strob. 373.
7 Ricb. 340; 6 Rich. 295 ; Harp. 365 ; 1 MoC. 469.
In some case not reported, (perhaps a previous trial of Prather v. Owens, Chev. 236,) it has been lield that a verdict for $5.00 damages, in an action on the case for obstruction of a private-way, carries costs; inasmuch as “the right to property,” the easement, was involved.